### JENNEY v. HAYDEN et al.

(Circuit Court, D. Massachusetts. July 19, 1909.)

No. 510.

COURTS (§ 310*)—INDISPENSABLE PARTIES.

The bill alleged that the complainant directed C. to buy certain stock on the New York Stock Exchange; that the order was transmitted by C. to the defendant, or to some other person; that the stock was bought, and the certificate came into the defendant's hands with knowledge that the stock belonged to the complainant; that the complainant, having

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

paid C. in full, demanded the stock both of C. and of the defendant, but failed to obtain it; that if the defendant sold the stock, as the complainant was informed, its proceeds were in the defendant's hands free from lien; that the defendant had been paid in full on account of the transaction. The defendant pleaded that C. was a necessary party to the bill. *Held*, that the plea should be sustained.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 857; Dec. Dig. § 310.*]

In Equity.

Tower, Talbot & Hiler, for complainant.

Henry W. Beal, for defendant Hayden.

LOWELL, Circuit Judge. The amended bill alleges that the complainant directed Currie to buy 100 shares of the Pennsylvania Railroad in the New York Stock Exchange; that this order was transmitted by Currie to the defendant, or to some one else; that the stock was bought, and the certificate came into the hands of the defendant with knowledge that the stock belonged to the complainant; that the complainant paid Currie in full for the stock, and demanded it of Currie, but did not get it; that Currie went into liquidation by the appointment of a receiver; that the complainant demanded the stock of the defendant at several times; that the complainant had been informed that the defendant had sold the stock in question; that, if the stock was sold, its proceeds are in the defendant's hands free from liens and demands; that the defendant has been paid in full on account of the transaction above mentioned. Allegations generally similar were made concerning another purchase of stock, viz., 100 shares of the Keweenaw Copper Company.

The defendant pleaded that Currie's receiver, who later became his trustee in bankruptcy, was a necessary party to the bill. The case is before the court in effect on the bill and plea. The complainant and defendant are citizens of different states, and, if no other persons are made parties, this court has jurisdiction of the proceedings. Currie seems to be a citizen of the same state as the complainant. A decision in favor of the plea will apparently oust this court's jurisdiction of the controversy. If the court can reach a fair determination of the cause without making Currie's representative a party, it ought to do so.

Even here, however, the defendant must be protected. The bill alleges that in his purchase of the stock (if he purchased it) he acted upon Currie's order. The bill does not allege that he then knew the complainant. Later he is said to have learned the complainant's rights, at some time and in some way not specified. Doubtless the bill alleges that Currie has been paid in full and that the stock is free from liens. But the defendant is entitled to have these issues settled as between himself and Currie, as well as between himself and the complainant. A mere allegation by A., a complainant, that B. has no right in the property in controversy, does not settle it that B. is not a necessary party to the bill. A

complainant commonly alleges title in himself rather than in another.. In the case at bar, so far as appears from the bill, Hayden may have come into possession of this stock without knowledge of the complainant's rights, though as the result of the complainant's order given to Currie. Of that stock he cannot be deprived by the complainant without obtaining at the same time what amounts to a release or discharge from his liability to Currie, through whom the complainant's rights are derived. A mere allegation in the bill that Currie has no right in the stock is insufficient. The cases cited by the complainant to show that under the circumstances stated in the bill the complainant is entitled to the stock are irrelevant as concerning the question of necessary parties.

The defendant asks the court to read into the pleadings certain alleged facts relating to the transaction. I do not perceive how this is permissible. Even if it were, the complainant would gain nothing.. Currie appears actually to have sued Hayden to establish some right in the stock here in controversy, which suit is still pending. Hayden is thus actually between two fires. As he knew Jenney only by way of Currie, he cannot be made liable to Jenney without reference to Currie.

Complainant has 30 days within which to amend his bill.